### BURTON v. BURTON.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

INSURANCE—LIFE—ASSIGNMENT—CONSTRUCTION.

> The insured in a policy of life insurance payable to himself or his representative in 20 years or at his death assigned the policy to another, who immediately assigned it, and all money payable under it, to the wife of insured, "if living." The wife, who at the time of the assignment lived with insured, died before him, and before maturity of the policy. The insured, dying before its maturity, disposed of it by will. *Held*, that the proceeds belonged to the beneficiary named in the will, and not to the wife's representatives, since the words "if living" meant "if living at the maturity of the policy," and not "if living at the assignment."

Action by Thomas J. Burton, as administrator of the estate of Lizzie J. Burton, deceased, against Charlotte S. Burton, as executrix of the will of J. C. Burton, deceased, to recover the proceeds of a life insurance policy. Judgment for defendant.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Robert A. B. Dayton, for plaintiff.

Newbold L. R. Edgar, for defendant.

O'BRIEN, J. On the 18th of May, 1888, J. Charles Burton assigned a policy of insurance of the Equitable Society, which was payable in 20 years or upon his death, to F. A. Wittrock, who, on the same day, transferred his rights therein by the following assignment:

"For one dollar to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer, and set over all my right, title, and interest in policy No. 387,633 on the life of J. Charles Burton, issued by the Equitable Life Assurance Society of the United States, and all money which may be payable under the same, to Lizzie J. Burton, wife of J. Charles Burton, of New York City, if living; and for the considerations above expressed I do also for myself, my executors and administrators, guaranty the validity and sufficiency of the foregoing assignment to the above-named assignee, her executors, administrators, and assigns; and their title to the said policy will forever warrant and defend. In witness whereof, I have hereunto set my hand and seal this 18th day of May, 1888.

"F. H. Wittrock. [Seal.]

"In presence of Chas. Bauer."

Lizzie J. Burton died intestate on the 19th of December, 1891, leaving two children. J. Charles Burton died on the 14th of September, 1899, leaving a will, in which he made the defendant, who was his second wife, executrix and residuary legatee of all his property, including life insurance policies.

The single question before us is whether the words "if living" in the assignment of the policy of insurance made by Wittrock to Lizzie J. Burton had reference to the time when the assignment was made or to the time when the policy became payable, namely, in 20 years from the date of issue, or at the death of J. Charles Burton. The evident purpose of the assignment from Burton to Wittrock was to give all interest in the policy to his wife, and we may, therefore, consider the question presented as though the assignment was made directly from the husband to the wife. We must legally presume from the fact that J. Charles Burton and Lizzie J. Burton were man and wife, and that they were living together when the assignment was made. Had it appeared that the husband had no knowledge of the whereabouts of his wife at the time of the assignment, there might be a question as to whether, by the words used, it was not intended to make an assignment of all interest in the policy to Mrs. Burton "if living"; if not living, then to Mr. Burton. In the absence of any such evidence, however, we must presume, as stated, that Mr. and Mrs. Burton were living together, from which the inference naturally flows that the words "if living" were intended to give Mrs. Burton the benefit of the policy "if living" when it matured, either at the end of 20 years or upon her husband's death. This view is strengthened by the language in both assignments—the one from Burton to Wittrock and the subsequent assignment by the latter—transferring not only "all right, title, and interest" in the policy, but also "all money which may be payable under the same." It is urged that, as all interest in the policy was given to Mr. Burton if his wife were not living, the words "if living" must refer to the time when the assignment was made; for otherwise, should the policy mature upon Mr. Burton's death, and his wife had predeceased him, he, being dead, would not personally gain any advantage. Such an argument, of course, overlooks what is an important consideration, namely, that this policy would mature not only by death, but after the lapse of 20 years. As the husband was living with his wife when the assignments were made, and must have known at that time that she was living, the words in the Wittrock assignment, "if living," would necessarily relate to the time when the policy was payable. If she died before such period, her interest in the policy would go to her husband; and, if maturity resulted from the expiration of the 20 years, he personally would get the benefit. If it matured by reason of his death,—his wife not being alive,—the money would go to his personal representatives, or to whoever he might designate. The fact, therefore, that the policy might mature by the expiration of 20 years, if the husband lived so long, must be considered in determining what was the intention of the parties. Under such conditions, and considering the words "if living" as relating to the time of maturity, then, in the event of the wife surviving her husband, she would have on his death the money payable under the policy, and equally would she have it "if living" when the 20 years had passed. If she was not living at its maturity, however, the money payable under the policy would belong to the husband if he was alive; and, if he had died subsequent to his

wife, the policy would be payable to his personal representatives. For the reason, therefore, that in our view the words "if living" were intended to refer to the date of the maturity of the policy, which was fixed at the death of J. Charles Burton or upon the expiration of 20 years from the date of issue, we think the defendant is entitled to judgment with costs.

Judgment accordingly. All concur.